**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1993**

_____

CONSOL OF KENTUCKY, INCORPORATED,

        Petitioner,

    v.

LONNIE M. STAPLETON; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (21-0392 BLA)

_____

Submitted:  January 16, 2024                                  Decided:  February 1, 2024

_____

Before KING, WYNN, and HARRIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** James W. Heslep, Stephen M. Ferguson, JENKINS FENSTERMAKER, PLLC, Clarksburg, West Virginia, for Petitioner.  Seema Nanda, Solicitor of Labor, Barry H. Joyner, Associate Solicitor, Jennifer Feldman Jones, Deputy Associate Solicitor, Sean Bajkowski, Counsel for Appellate Litigation, Ann Marie Scarpino, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Lonnie M. Stapleton.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consol of Kentucky ("Consol") petitions this Court for review of the Benefits Review Board's (BRB) order affirming the Administrative Law Judge's (ALJ) determination that Consol is the responsible operator for payment of Lonnie M. Stapleton's award of benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901-944. Consol argues that Southeastern Land, LLC ("Southeastern") is the proper responsible operator because Stapleton worked for Southeastern after his employment with Consol ended. However, Southeastern permitted its insurance to lapse during Stapleton's employment. Thus, Southeastern did not hold valid insurance on the last day it employed Stapleton. Accordingly, we agree with the BRB and the ALJ that Consol, Stapleton's previous employer, is the responsible operator and deny the petition for review.

Although we are deferential in our review of an ALJ's factual findings—leaving the weighing of the evidence to the ALJ and asking only whether substantial evidence supports his or her findings—we review the ALJ's and the BRB's conclusions of law de novo. *See Frontier-Kemper Constructors, Inc. v. Dir., Office of Workers' Comp. Programs*, 876 F.3d 683, 687 (4th Cir. 2017). The regulations define the responsible operator as the "potentially liable operator . . . that most recently employed the miner." 20 C.F.R. § 725.495(a)(1). Although there are five criteria that must be met for a coal mine operator to be a potentially liable operator, only one is at issue in this case: whether Southeastern was capable of assuming liability for the payment of benefits. Specifically,

An operator will be deemed capable of assuming its liability for a claim if one of the following three conditions is met:

2

(1) The operator obtained a policy or contract of insurance under section 423 of the Act and part 726 of this subchapter that covers the claim, except that such policy shall not be considered sufficient to establish the operator's capability of assuming liability if the insurance company has been declared insolvent and its obligations for the claim are not otherwise guaranteed;

(2) The operator qualified as a self-insurer under section 423 of the Act and part 726 of this subchapter during the period in which the miner was last employed by the operator, provided that the operator still qualifies as a self-insurer or the security given by the operator pursuant to § 726.104(b) is sufficient to secure the payment of benefits in the event the claim is awarded; or

(3) The operator possesses sufficient assets to secure the payment of benefits in the event the claim is awarded in accordance with § 725.606.

20 C.F.R. § 725.494(e). "Insurance coverage for black lung benefits exists only if the insurance policy is in effect on the last day of the miner's exposure to coal dust while employed by the insured." *Dir., Office of Workers' Comp. Programs v. Trace Fork Coal Co.*, 67 F.3d 503, 505 n.4 (4th Cir. 1995) (citing 20 C.F.R. § 726.203(a)). Because Southeastern was not insured when Stapleton's employment there ended, the regulations provide that the proper responsible operator was Stapleton's previous employer: Consol.[*]

Consol resists this conclusion, arguing that the plain language of the regulations should not apply because Southeastern had unclean hands because it allowed its insurance to lapse. But nothing in the regulations suggests that *why* an employer lacks insurance is relevant. Consol also argues that public policy supports its position. However, in *Armco, Inc. v. Martin*. 277 F.3d 468, 475–76 (4th Cir. 2002), we rejected as without merit the

---

[*] Consol concedes that Southeastern is financially incapable of assuming liability and therefore could not qualify as a potentially liable operator under 20 C.F.R. §§ 725.494(e)(2)–(3).

3

argument that the Black Lung Disability Trust Fund should cover for an insolvent operator. We held that "[b]ecause the regulations call for finding the operator who meets all the criteria of a responsible operator . . . if the first potentially responsible operator does not meet all the criteria," there was no basis for turning to the Trust Fund for payment. Here, the regulations contemplated exactly what happened: because Southeastern did not meet all the criteria of a responsible operator, the district director, as affirmed by the ALJ and the BRB, correctly designated Consol as the responsible operator.

Accordingly, we deny Consol's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*